# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| APRIL HENDRIX, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:18CV273 |
| SOUTHWEST CREDIT SYSTEMS, LP; | ) | |
| CREDIT CONTROL SERVICES, INC. | ) | |
| d/b/a CREDIT COLLECTION | ) | |
| SERVICES; I.C. SYSTEM, INC., and | ) | |
| COMCAST CABLE COMMUNICATIONS | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
|                 Defendants. | ) | |

**CONSENT PROTECTIVE ORDER AND PROSPECTIVE SEALING ORDER**

The Parties having agreed to the following, and for good cause shown, IT IS HEREBY ORDERED as follows:

**1.**     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private personal identifying information such as Social Security or taxpayer-identification numbers, dates of birth, names of minor children, financial account numbers, home addresses, sensitive information involving personal financial, medical, matrimonial, or family matters, employment records of individuals, trade secrets, and other confidential research, development, or commercial information (including without limitation internal policy documents), for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be

warranted.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under the applicable legal principles, to treatment as confidential.  Nothing in this Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is lawfully obtained from a third party without confidentiality restrictions.

By approving this Order and accepting the parties' stipulation, the Court is not ruling on whether any document or information is, in fact, entitled to protection under Rule 26(c) or whether it is properly discoverable. Rather, the Court approves the protective order in order to minimize discovery problems and to promote and expedite unrestricted discovery without Court intervention. Cf. Longman v. Food Lion, Inc., 186 F.R.D. 331, 333 (M.D.N.C. 1999) (noting that, in a case involving "hundreds of documents containing confidential business information," a blanket protective order was "essential to the efficient functioning of the discovery process"). However, this stipulated protective order is limited by the concerns set out in Haas v. Golden Transport, Inc., No. 1:09CV116, 2010 WL 1257990 (M.D.N.C. Mar. 26, 2010), as set forth further in Sections 9 and 10 below.

2. **CONFIDENTIAL INFORMATION**

"Confidential Information" shall mean Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; where appropriate, home addresses; sensitive information involving personal financial, medical, matrimonial, or family matters; employment records of individuals whether parties or non-

parties; or trade secrets and other confidential research, development, or commercial information (regardless of how generated, stored or maintained). Parties and non-parties may designate any Confidential Information supplied in any form, or any portion thereof, as Protected Material (defined below) for purposes of these proceedings. Such designation shall constitute a representation to the Court that counsel believes in good faith that the information (1) constitutes Confidential Information and (2) that there is good cause for the Confidential Information to be protected from public disclosure. The parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

**3. DEFINITIONS**

3.1. Party: any party to this action, including all of its officers, directors, members, managers, consultants, retained experts, and outside counsel (and their support staff).

3.2. Non-party: any individual, corporation, association, or other natural person or entity other than a party.

3.3. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.4. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.5. Producing Party: a Party or Non-party that produces Disclosure or Discovery Material in this action.

3.6. <u>Designating Party</u>: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such information or items.

3.7. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated by a Party or Non-party as "CONFIDENTIAL" according to paragraphs 1 and 6, unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order designating the material "CONFIDENTIAL" within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

3.8. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.9. <u>House Counsel</u>: attorneys who are employees of a Party.

3.10. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

3.11. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her/his counsel to serve as an expert witness or as a consultant in this action and who is not: (a) a past or a current employee of a Party; (b) a past or a current employee of a competitor of a Party; or (c) at the time of retention, anticipated to become an employee of a Party or a competitor of a Party.

4

Case 1:18-cv-00273-LCB-JLW   Document 33   Filed 11/08/18   Page 4 of 20

This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies as Confidential Information. A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify as Confidential Information – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are strictly prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or impede the case development process, or to impose

unnecessary expenses and burdens on other parties), may subject the Designating Party to sanctions upon appropriate motion to the Court.

If it comes to a Party's or a Non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or Non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**a.** <u>For information in documentary form</u> (apart from transcripts of depositions), the Producing Party must affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins, but not over text).

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

  b. Deposition or other testimony may be designated as "Confidential" by any of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; or (ii) by sending written notice designating information as "Confidential" within thirty (30) days after receipt of the deposition transcript.  All information disclosed during a deposition shall be deemed to have been designated "Confidential" until thirty (30) days after the transcript has been received by parties' counsel, whether or not portions of the transcript have been previously so designated.

  b. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the

witness or presenting the testimony. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

Nothing in this Order shall prevent a party from using at trial any information or materials designated "CONFIDENTIAL."

**c.** <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4. <u>Inadvertent Production of Privileged Information</u>. If a party, through inadvertence, produces or provides material that it believes is subject to a claim or attorney-client privilege, work product immunity, or any other privilege or immunity, the Producing Party may give written notice to the Receiving Party that the material is subject to a specific

privilege or immunity and request that the material be returned to the Producing Party. The Receiving Party shall return the material immediately, or, if circumstances prevent immediate return, at such specific time as agreed upon between the Producing and Receiving Parties. Return of the material shall not constitute an admission or concession, or permit any inference that the returned material is, in fact, properly subject to a claim of any privilege or immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for any reason, including a waiver caused by the inadvertent production.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. <u>Timing of Challenges</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party fourteen (14) days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. <u>Formal Challenge to Designation.</u> If, after engaging in the meet and confer process, a Challenging Party still contends that a confidentiality designation was not proper,

the Challenging Party may at any time give written notice by way of a letter to the Designating Party stating its objection to the confidentiality designation. The Designating Party has fourteen (14) days from receipt of such written notice to apply to the Court for an order specifically designating the Disclosure or Discovery Material at issue as "Protected Material." The Party seeking such an order has the burden of establishing good cause for the Disclosure or Discovery Material to be treated as "Protected Material."

      6.4. <u>Treatment of Information While Challenge is Pending</u>. Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Protected Material, all materials designated as such must be treated as such and subject to this order until one of the following occurs:

      a. the Designating Party withdraws its confidentiality designation in writing;

      b. the Designating Party fails to apply to the Court for an order designating the material Protected Material within the time period specified above after receipt of a written challenge to such designation; or

      c. the Court decides the material at issue is not subject to protection as Protected Material.

7.    **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

      7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions as are described

herein. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2.    <u>Disclosure of Protected Material</u>.

    a.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    7.2.a.1.    Outside Counsel of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

    7.2.a.2.    Parties to this litigation and their officers, directors, members, managers and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation;

    7.2.a.3.    Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

    7.2.a.4.    the Court, including associated personnel necessary to assist the Court in its functions, and the jury;

11

7.2.a.5. litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings;

7.2.a.6. other professional vendors to whom disclosure is reasonably necessary for this litigation;

7.2.a.7. any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted herein;

7.2.a.8. the author of the document or the original source of the information;

7.2.a.9. counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

12

Case 1:18-cv-00273-LCB-JLW Document 33 Filed 11/08/18 Page 12 of 20

7.2.a.10. any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);and

7.2.a.11. any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within ten (10) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

9. **FILING PROTECTED MATERIAL**

9.1. <u>A Party may seek to file any Protected Material used in support of a discovery-related motion or a dispositive motion under seal.</u> In seeking to file Protected Material under seal, a Party must comply with applicable law and the proceedings outlined in Subparagraphs 9.2-9.6. The fact that Discovery Material has been designated as "CONFIDENTIAL" shall not be admissible as evidence that the Material in fact contains Confidential Information entitled to protection from disclosure under the law.

13

9.2. <u>Separate approval of the Court is required.</u>  No party may file any pleading, motion, brief or exhibit under seal without obtaining separate approval from the Court.  Thus, a party seeking to file any document under seal must file a separate motion and obtain permission of the Court to file the document under seal. Any request to file a document under seal must meet the requirements of Federal Rule of Civil Procedure 26(c) and must meet the stringent requirements for sealing set out by the Fourth Circuit, as applicable. See <u>Stone v. University of Md. Medical System Corp.</u>, 855 F.2d 178 (4th Cir. 1988) (setting out the standard for sealing documents protected by the common law right of access based on a weighing of "competing interests," as well as the higher standard for sealing documents protected by the First Amendment based on a showing that the restriction is "narrowly tailored" and serves a "compelling interest"); <u>Rushford v. The New Yorker Magazine, Inc.</u>, 846 F.2d 249 (4th Cir. 1988) (discussing the applicability of the First Amendment protection to documents filed in connection with motions for summary judgment); <u>Virginia Dep't of State Police v. Washington Post</u>, 386 F.3d 567, 576 (4th Cir. 2004) (noting that on a motion to seal, the court "must determine the source of the right of access with respect to each document, . . . [and] must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing" (internal citations omitted)).

9.3. <u>Compliance with Local Rule 5.4 is required.</u> The parties must comply with the provisions of Local Rule 5.4 for filing documents under seal. The parties are directed to keep to a minimum the amount of material that they would seek to file under seal. In this regard, the parties are directed to exclude confidential information from court filings unless directly relevant to the issue to be considered. If it is necessary to file information that has been designated as confidential by another party, the filing party should request that the confidentiality designation be eliminated by the supplier of the information. If that request is refused, the filing party must file a motion to seal. In that instance, the motion to seal must set out why it is necessary to file the confidential information, and must detail the efforts made to request that the confidentiality designation be eliminated. In response, the party asserting the confidentiality designation shall have the burden of making the requisite showing under the standards set out above.

If a party files a motion seeking to file a document under seal, a redacted copy of the document for which sealing is sought must be filed on the public record. In the redacted document, the omitted material must be generally identified. For example, if only a page, sentence, or word of a deposition, brief, or other material contains confidential information, then only that page, sentence or word should be redacted from the item filed in the public record of the Court, with an appropriate explanation at the place of withdrawal in the document.

The original, unredacted document may be filed under seal when the motion to seal is filed. For ease of court review, a party shall submit a judge's copy of the complete unredacted document, with the redacted part clearly marked thereon by highlighting.

9.4. <u>Evidence or testimony introduced in court may only be sealed by separate court order on motion of a party.</u> To the extent that any party would seek to seal or otherwise restrict access to an exhibit or other document introduced during a hearing, trial, or other court proceedings, the party must make a separate motion in that regard for consideration by the court conducting the proceedings, supported by sufficient justification therefor. Likewise, to the extent any party would seek to seal any portion of a transcript of a court proceeding, the party must file a separate motion to seal for consideration by the court that conducted such proceeding.

9.5. <u>Sealing documents or restricting access in proceedings before any other court, including on appeal, must be addressed by the parties under the rules of that court</u>. To the extent the parties may later proceed before any other court, including in any appeals in the present case, the parties must follow the rules of that court with respect to any issues of sealing or restricting access to documents.

10. **FINAL DISPOSITION**

The terms of this Protective Order shall survive and remain in full force and effect after the termination of this litigation. Within sixty (60) days after final conclusion of all aspects of this litigation, including any appeal by any party, all Protected Material and all

16

copies of the same (other than those filed with the Court) shall be returned to the Designating Party or, at the option of the Designating Party, destroyed; provided, however, that counsel for the parties shall be entitled to retain documents to the extent reasonably necessary to preserve a file on this litigation for compliance with counsel's legal malpractice insurance requirements or the North Carolina's State Bar Rules of Professional Conduct. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

Local Rule 79.4 provides for disposition of documents filed with the Court and will continue to control unless otherwise ordered by the Court at the conclusion of the case. All documents, sealed or otherwise, filed with the court shall be disposed of pursuant to Local Rule 79.4.

11. **MISCELLANEOUS**

11.1. <u>Right to Party's Own Documents</u>. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

11.2. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.3. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

This, the 8th day of November, 2018.

_____
Joe L. Webster
United States Magistrate Judge

CONSENTED TO:

| | |
|---|---|
| **/s/ Zachary Dunn**<br>ZACHARY DUNN<br>Smith Debnam Narron Drake Saintsing & Myers, LLP<br>NC State Bar No. 50271<br>PO Box 26268<br>Raleigh, NC 27611<br>Telephone: (919) 250-2000<br>Telefacsimile: (919) 250-2124<br>zdunn@smithdebnamlaw.com<br>*Counsel for Defendants Southwest Credit Systems, L.P. and I.C. System, Inc.*<br><br>**/s/ Kelly C. Hanley**<br>Kelly C. Hanley<br>Williams Mullen<br>N. C. State Bar No. 25130<br>P. O. Box 1000<br>Raleigh, NC 27602<br>Telephone: (919) 981-4000<br>Email: khanley@williamsmullen.com<br>*Counsel for Defendant Comcast Cable Communications Management, LLC* | **/s/ Suzanne Begnoche**<br>SUZANNE BEGNOCHE<br>Suzanne Begnoche, Attorney at Law<br>NCSB # 35158<br>P.O. Box 2035<br>Chapel Hill, NC  27515<br>Telephone: (919) 960-6108<br>Fax: (919) 500-5289<br>suzanne.begnoche@begnochelaw.com<br>*Counsel for Plaintiff*<br><br>**/s/ Susan Hargrove**<br>Susan H. Hargrove<br>N.C. State Bar No. 18771<br>P.O. Box 2611<br>Raleigh, NC 27602<br>shargrove@smithlaw.com<br>*Counsel for Defendant Credit Control Services, Inc.* |

EXHIBIT A
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
C.A. No. 1-18-cv-273-WO-JLW

| | |
|---|---|
| APRIL HENDRIX, )<br>                                   **Plaintiff,** )<br>)<br>vs. )<br>)<br>SOUTHWEST CREDIT SYSTEMS, LP; )<br>CREDIT CONTROL SERVICES, INC. )<br>d/b/a CREDIT COLLECTION )<br>SERVICES; I.C. SYSTEM, INC., and )<br>COMCAST CABLE )<br>COMMUNICATIONS )<br>MANAGEMENT, LLC, )<br>                                  **Defendants.** )<br>_____ ) | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY CONSENT MOTION FOR ENTRY OF PROTECTIVE ORDER AND PROSPECTIVE SEALING ORDER** |

      I acknowledge that I have read and understand the Consent Protective Order entered in this action on _____, 20\_\_\_, and agree to abide by its terms and conditions. Because it is necessary for me in the performance of my duties to have access to Confidential Matter and information contained therein that are the subject of said Consent Protective Order, I understand and agree that I am personally bound by and subject to all of the terms and provisions of said Order. I subject myself to the jurisdiction and venue of the United States District Court for the Middle District of North Carolina for purposes of enforcement of this Agreement and Order.

      Witness my signature this _____ day of _____, 20\_\_\_\_.

_____
Signature
Address:_____
Telephone:_____